Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email: Address: rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**

FILED

2009 JUL -7

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

E-filing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| VIRGINIA CORSICK, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WEST ASSET MANAGEMENT, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. C09 03053 <br><br> PVT |

## CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1.  Defendants made abusive, harassing, false, and misleading telephone calls to Plaintiff's phone  in an attempt to collect an alleged debt.  Defendants failing to meaningfully identify themselves, and failed to provide notices required by federal and state law.

1

2. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act, Civil Code §1788 et seq. (hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts.15 U.S.C. §1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II.  JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. sec. 1692k(d), 28 U.S.C. sec. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. sec. 1367.  Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III.  PARTIES

4. Plaintiff VIRGINIA CORSICK (hereinafter "Ms. Corsick" or "Plaintiff") is a natural person residing in Santa Clara County, California.

5. Ms. Corsick is "consumer" as that term is defined under 15 U.S.C. §1692a(3) and under California Civil Code §1788.2.  Ms. Corsick is a "debtor" as defined by California Civil Code §1788.2.

6. At all times relevant, Plaintiff was an individual residing within the State of California.  Plaintiff was a "person" as defined by 47 U.S.C. § 153 (10).

Class Action Complaint

7.  Defendant WEST ASSET MANAGEMENT, INC. (hereinafter "West Asset"), is a foreign Delaware corporation with a principal place of business at 11808 Miracle Hills Drive, Omaha, NE 68154, who regularly engages in the business of collecting debts owed to third parties.

8.  West Asset regularly engages in the business of collecting debts on its behalf in Santa Clara County, California, through means of interstate commerce, including the United States mails and the telephone. West Asset principal purpose is the collection of debt.

9.  West Asset is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. West Asset is a "debt collector" as defined by California Civil Code §1788.2.

11. Any reference hereinafter to "West Asset", "Defendant" or "Defendants" or without further qualification is meant by these Plaintiff to refer to each Defendant named above, and or to other individual employees or agents of these Defendant who names are not yet known. Each of the defendants is an agent and/or employee of one another, and was acting in the scope of that agency and/or employment when performing the acts or omissions noted herein.  Defendants approved and/or ratified the wrongful acts herein.

## IV.  **FACTUAL ALLEGATIONS**

12. Plaintiff Virginia Corsick (hereinafter "Ms. Corsick") allegedly incurred a financial obligation for a medical bill to Good Samaritan Hospital.  The alleged debt was primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Ms. Corsick is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Ms. Corsick, the debt was sold, assigned or otherwise transferred to Defendant West Asset Management (hereinafter "West Asset").

14. On or about July 2008, West Asset began making repeated and continuous calls to Ms. Corsick's phone in an attempt to collect a debt or collect payment on a debt.

3

Class Action Complaint

15. West Asset telephoned Ms. Corsick's phone numerous times in the month of July 2008, including several times before July 9, 2008.

16. West Asset telephoned Ms. Corsick on July 9, 2008.

17. West Asset telephoned Ms. Corsick on July 11, 2008.

18. West Asset telephoned Ms. Corsick on July 14, 2008.

19. West Asset telephoned Ms. Corsick on July 15, 2008.

20. West Asset telephoned Ms. Corsick on July 16, 2008.

21. West Asset telephoned Ms. Corsick phone on July 17, 2008.

22. West Asset telephoned Ms. Corsick phone on July 18, 2008.

23. West Asset telephoned Ms. Corsick phone on July 21, 2008.

24. West Asset placed other telephone calls to Ms. Corsick.

25. The phone calls came from the phone number 443-550-7975.

26. The 443-550-7975 telephone number is used by West Asset.

27. West Asset left pre-recorded voice mail messages to return the call to telephone number 866-882-5878.

28. Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

29. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).

30. In the numerous calls West Asset made to Ms. Corsick, West Asset failed to identify who was calling and did not provide notices required by federal and state law.

31. West Asset engaged in conduct which had the natural consequence to annoy, abuse and harass, and intended to annoy, abuse and harass.

32. West Asset failed to meaningfully identify itself.

33. West Asset failed to provide notices required by federal law.

34. West Asset used false, deceptive and misleading communications in an attempt to collect a debt.

4

Class Action Complaint

35. West Asset used unfair and unconscionable means in an attempt to collect a debt.

36. As a result of the above violation, West Asset is liable to Plaintiff for statutory damages, attorney's fees and costs.

37. Defendant made telephone calls regarding debts allegedly due Good Samaritan similar to the above to more than 40 California consumers in the past 12 months.

## V.   CLASS ACTION ALLEGATIONS

38. The class is defined as (i) all California residents to whom Defendant left a telephone message (ii) in which Defendant failed to  meaningfully identify itself and/or state that the call was from a debt collector, (iii) in an attempt to collect a debt incurred to Good Samaritan Hospital for medical services (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

39. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

40. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

      a.      Whether Defendant is a debt collector.

      b.      Whether Defendant's telephone messages violate the FDCPA.

      c.      Whether Defendant's telephone messages violate the RFDCPA.

41. The claims of Ms. Corsick are typical of those of the class members.  All are based on the same facts and legal theories.

42. Ms. Corsick will fairly and adequately protect the interests of the class.  She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and the RFDCPA as class actions.  Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

43. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

44. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a.    The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Plaintiff requests certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## VI.  **FIRST CAUSE OF ACTION - FDCPA**

47. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

48. Defendant's acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 et seq., including but not limited to the violations §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(11), amongst others.

49. As a result of Defendant's violations, Plaintiff is entitled to recover statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k et seq.

## VII.  **SECOND CAUSE OF ACTION – ROSENTHAL FDCPA**

50. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

Class Action Complaint

51. The foregoing acts and omissions by the Defendant with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff constitute numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.11, and 1788.17.

52. Plaintiff is entitled to recover statutory damages, reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the class she seeks to represent, respectfully requests that judgment be entered against the Defendant for the following:

    A.  Certify this matter to proceed as a class action pursuant to Rule 23.

    B.  Statutory damages pursuant to 15 U.S.C. § 1692k.

    C.  Statutory damages pursuant to California Civil Code § 1788.17 and 1788.30.

    D.  Costs, litigation expenses, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, California Civil Code § 1788.17 and Civil Code § 1788.30.

    E.  For such other and further relief as may just and proper.

Respectfully submitted,

_____       _7/7/09_

Ronald Wilcox, Attorney for Plaintiff       Date

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Virginia Corsick demands trial by jury in this action.

_____       _7/7/09_

Ronald Wilcox       Date