O. Randolph Bragg, Esq. (ISB 6221983)
rand@horwitzlaw.com
*Admitted pro hac vice*
Horwitz, Horwitz & Associates, Ltd.
25 East Washington Street, Suite 900
Chicago, IL 60602-1716
Tel: (312) 372-8822
Fax: (312) 372-1673

Ronald Wilcox, Esq. (CSB 176601)
ronaldwilcox@post.harvard.edu
2160 The Alameda First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

Attorneys for Plaintiff
Virginia Corsick

David Israel, Esq. (LSB 7174)
disrael@sessions-law.biz
*Admitted pro hac vice*
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Tel: (504) 828-3700
Fax: (504) 828-3737

Debbie P. Kirkpatrick, Esq. (CSB 207112)
dkirkpatrick@sessions-law.biz
Sondra R. Levine, Esq. (CSB 254139)
slevine@sessions-law.biz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, CA 92106
Tel: (619) 758-1891
Fax: (619) 222-3667

Attorneys for Defendant
West Asset Management, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | | |
|---|---|---|
| VIRGINIA CORSICK, | ) | Case No. 09-CV-03053 JF |
| | ) | |
| Plaintiff, | ) | JOINT MOTION FOR CERTIFICATION |
| | ) | OF A SETTLEMENT CLASS AND |
| vs. | ) | PRELIMINARY APPROVAL OF CLASS |
| | ) | ACTION SETTLEMENT AGREEMENT |
| WEST ASSET MANAGEMENT, INC., | ) | AND NOTICE TO THE CLASS |
| | ) | |
| Defendant. | ) | Hearing Date: July 23, 2010 |
| | ) | Hearing Time: 9:00 a.m. |
| | ) | Courtroom 3, 5th Floor |
| | ) | |

1
Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. PROCEDURAL HISTORY AND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. PROPOSED CLASS ACTION SETTLEMENT. . . . . . . . . . . . . . . . . . . . . . . . 2

    *A. Certification of a Settlement Class* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    *B. Class Notice* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    *C. Class Member Right To Opt-Out* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    *D. Relief to Plaintiff and the Class* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    *E. Attorneys' Fees, Costs, and Expenses* . . . . . . . . . . . . . . . . . . . . . . . . . . .3

IV. LAW AND ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

    *A. Fed. R. Civ. P. 23 (A) Requirements Are Satisfied* . . . . . . . . . . . . . . . . . . . .3

        *1. Numerosity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        *2. Commonality* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

        *3. Typicality* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        *4. Adequacy of Representation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    *B. Fed. R. Civ. P. 23 (B) Requirements Are Satisfied* . . . . . . . . . . . . . . . . . . . 9

    *C. The Proposed Settlement Is Fundamentally Fair, Reasonable, And Adequate*.10

        *1. The Strength Of The Lawsuit And The Risk, Expense, Complexity, And Likely Duration Of Further Litigation* . . . . . . . . . . . . . . . . . . . . . . . .11

        *2. The Amount Offered In Settlement* . . . . . . . . . . . . . . . . . . . . . . . . . 11

            *A. Relief to the Class* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

            *B. Recovery and Incentive Award to Class Representative* . . . . . . 12

i

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

C. Cy Pres Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

D. Attorney's Fees, Costs and Expenses . . . . . . . . . . . . . . . . . . . .14

3. The Experience And View Of Class Counsel . . . . . . . . . . . . . . . . . . . .14

4. The State Of The Proceedings And The Amount Of Discovery Completed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D. Class Action Is Superior To Other Available Methods Of Resolving The Controversy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

Appendices

Appendix A –Class Action Settlement Agreement

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

# **TABLE OF AUTHORITIES**

## **Statutes/Secondary Authority**

15 U.S.C. § 1692 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. § 1692k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 11, 12, 14

Fed. R. Civ. P. 23 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7, 8

Fed. R. Civ. P. 23 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 3, 9, 16, 17

Fed. R. Civ. P. 23 (e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 17

Cal. Code Civ. § 1788 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13, 15

Cal. Code Civ. § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cal. Code Civ. § 1788.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

## **Cases**

*Abels v. JBC Legal Group, P.C.*
227 F.R.D. 541, (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 9

*Amchem Products, Inc. v. Windsor*
521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 9

*American Finance System, Inc. v. Harlow*
65 F.R.D. 94 (D.Md. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Appleyard v. Wallace*
754 F.2d 955 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Ballard v. Equifax Check Services, Inc.*
186 F.R.D. 589 (E.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 16

*Blackie v. Barrack*
524 F.2d 891 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

iii
Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

*Bonett v. Educ. Debt Servs.*
No. 01-6528, 2003 U.S. Dist. LEXIS 9575 (E.D. Pa., May 11, 2003 . . . . . . . . . . . . . . 13

*Brink v. First Credit Resources*
185 F.R.D. 567 (D. Ariz 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Carrizosa v. Stassinos*
669 F. Supp.2d 1081 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Clark v. Bonded Adjustment Co. Inc.*
204 F.R.D. 662 (E.D. Wash. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 16

*Campion v. Credit Bureau Servs.*
206 F.R.D. 663 (E.D. Wash. March 16, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Cook v. Niedert*
142 F .3d 1004 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*De La Fuente v. Stokley-Van Camp, Inc.*
713 F.3d 225 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*del Campo v. American Corrective Counseling Services, Inc.*
254 F.R.D. 585(N.D. Cal 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 8

*Drossin v. National Action Financial Services, Inc.*
225 F.R.D. (S.D. Fla. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Duran v. Credit Bureau of Yuma, Inc.*
93 F.R.D. 607 (D. Ariz. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Epstein v. MCA, Inc.*
179 F.3d 641 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Fry v. Hayt, Hayt & Landau*
198 F.R.D. 461 (E.D. Pa. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gay v. Waiters' and Dairy Lunchmen's Union*
549 F2d. 1330 (9th cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*General Telephone Co. of Southwest v. Falcon*
457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

*Georgine v. Amchem Products, Inc.*
83 F.3d 610 (3d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Gross v. Washington Mut. Bank, F.A.*
No. 02 cv 4135 (RML), 2006 U.S. Dist. LEXIS 16975 (E.D.N.Y. Feb. 9, 2006) . . . . . . 13

*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9, 16

*Harris v. Palm Springs Alpine Estate, Inc.*
329 F.2d 909 (9th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Hassine v. Jeffes*
846 F.2d 169 (3.d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 8

*Haynes v. Logan Furniture Mart, Inc.*
503 F.2d 1161 (7th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Henderson v. Eaton*
No. 01-0138, 2002 U.S. Dist. LEXIS 20840 (E.D. La, Oct. 25. 2002 . . . . . . . . . . . . . 13

*Hunt v.  Check Recovery Systems, Inc.*
241 F.R.D. 505 (N.D. Cal., 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Drexel Burnham Lambert Group, Inc.*
960 F. 2d 285 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Irwin v. Mascott*
96 F. Supp .2d 968 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 16

*Keele v. Wexler*
149 F.3d 589 (7th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7

*Kornberg v. Carnival Cruise Lines, Inc.*
741 F.2d 1332 (11th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Lerwill v. Inflight Motion Picture Inc.*
582 F. 2d 507, (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Linney v. Cellular Alaska Partnership*
151 F.3d 1234 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

v

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

*Molski v. Gleich*
318 F.3d 937 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*
688 F. 2d 615 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Purdie v. Ace Cash Express, Inc.*
No. 3:01-CV-1754L, 2003 U.S. Dist LEXIS 22547 (N.D. Tax. Dec. 11, 2003) . . . . . . 13

*Riordan v. Smith Barney*
113 F.R.D. 60 (N.D. Ill 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Rosario v. Livaditis*
963 F. 2d 1013 (7th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Rossini v. Ogilvy & Mather, Inc.*
798 F.2d 590 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Sledge v. Sands*
182 F.R.D. 255 (N.D. Ill. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Staton v. Boeing Co.*
327 F.3d 938 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12, 13

*Schwarm v. Craighead*
223 F.R.D. 655 (E.D. Cal., 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wetzel. v. Liberty Mutual Ins. Co.*
508 F. 2d 239 (3d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wyatt v. Creditcare, Inc.*
2005 WL 2780684 (N.D. Cal., 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Zinberg v. Washington Bancorp., Inc.*
138 F.R.D. 397 (D.N.J. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Zinser v. Accufix Research Inst., Inc.*
253 F .3d 1180 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

vi
Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

# I. INTRODUCTION

NOW INTO COURT, through undersigned counsel, come plaintiff, Virginia Corsick (hereinafter referred to as "Plaintiff"), and defendant West Asset Management, Inc. (hereinafter referred to as "West" or "Defendant")(jointly referred to as the "Parties"), and jointly move for certification of a settlement class, preliminary approval of the Class Action Settlement Agreement, and approval of notice to the class.

## II.  PROCEDURAL HISTORY AND FACTS

1.      On July 7, 2009, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against West, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Act ("Rosenthal Act"), Cal. Civil Code § 1788, *et seq.*  Plaintiff alleged specifically that West telephoned Plaintiff and Class Members and left a certain voice mail message that failed to meaningfully disclose West's identity or provide notices required by the FDCPA and Rosenthal Act.

2.      The content of the message at issue (hereinafter "Telephone Message") is as follows:

> This is not a sales call.  When you receive this message please call West Asset Management at 866-882-5878 or you may press one on your telephone to be transferred to an agent. West Asset Management thanks you for your prompt reply; once again that number is 866-882-5878.

3.      In an attempt to settle the Lawsuit, the Parties participated in extensive settlement discussions.  A mediation was scheduled for March 9, 2010 before court-

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

appointed mediator Carol L. Woodward.    As the result of settlement negotiations between the parties, a settlement was reached on March 3, 2010.  On June 16, 2010, the Parties entered into the Class Action Settlement Agreement ("Agreement") to memorialize the final and complete settlement reached between the Parties.    The Agreement is attached hereto as Appendix A.

## II.  PROPOSED CLASS ACTION SETTLEMENT

### A.  Certification Of A Settlement Class

For settlement purposes only, the Parties seek, pursuant to Fed. R. Civ P. 23(b)(3), preliminary certification of a class consisting of all natural persons residing in California who meet the following criteria:  (a) he/she received the Telephone Message from West; (b) in an attempt to collect a debt incurred to Good Samaritan Hospital for medical services; (c) during the time period July 7, 2008 to the date of entry of the Order of Preliminary Approval.  West represents there are 3,986 potential Class Members.

### B.  Class Notice

Defendant proposes notice be given to the Class Members in the form represented by Exhibit C to the Agreement by First Class U.S. Mail after updating addresses for Class Members as provided in paragraph 9.A. of the Agreement.

### C.  Class Member Right To Opt-Out

Class members may seek to be excluded from the Agreement and the lawsuit by opting out of the settlement class within the time period set by this Court.  Any member who opts out of the settlement class shall not be bound by the terms of the Agreement

and shall not be entitled to any of the monetary benefits set forth in the Agreement.

## D.  Relief to Plaintiff and the Class

Defendant shall pay to Plaintiff $2,000 as statutory damages and $1,000 as an incentive award for a total of $3,000.  West shall pay to each Class Member who does not timely exclude himself or herself from the class a settlement check in the amount of a pro-rata share of the total aggregate class settlement of One Hundred Twenty-Two Thousand Six Hundred Forty-Seven Dollars ($122,647) ("Class Settlement Fund"). Based on the total aggregate amount of the Class Settlement Fund and the total Class of 3,986 potential members, each pro-rata share is anticipated to be not less than $30.77. Funds from any returned or un-cashed settlement checks shall be paid by West to Santa Clara Law School Legal Clinic as a *cy pres* award.

## E.  Attorneys' Fees, Costs, and Expenses

Pursuant to the Agreement, Plaintiff's counsel will file a petition prior to the final approval hearing in support of their application for attorneys' fees, costs and expenses. West will not object to the petition provided it seeks no more than $20,750 in attorneys' fees, costs and expenses.

## IV.  LAW AND ARGUMENT

## A.  Fed. R. Civ. P. 23(A) Requirements Are Satisfied

In order for a class to be certified, all four requirements of Rule 23 (a) must be satisfied along with one of the three categories of Rule 23 (b).  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Zinser v. Accufix Research Inst., Inc.*, 253 F .3d

3
Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

1180, 1186 (9th Cir. 2001); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). When evaluating a motion for class certification, "the court is bound to take the substantive allegations of the complaint as true." *Blackie v. Barrack*, 524 F.2d 891, 901, n.17 (9th Cir. 1975).

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a)(2)(B) and (b)(2) for FDCPA class action cases. *See Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998); *Keele, supra*; *Clark v. Bonded Adjustment Co. Inc.*, 204 F.R.D. 662 (E.D. Wash. 2002); *Campion v. Credit Bureau Servs.*, 206 F.R.D. 663 (E.D. Wash., March 16, 2001); *Brink v. First Credit Resources*, 185 F.R.D. 567 (D. Ariz. 1999); *Irwin v. Mascott*, 96 F.Supp.2d 968 (N.D. Cal. 1999); *Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D. Ariz. 1982). Class treatment is appropriate in this class because the proposed class meets the requirement for certification.

### 1. Numerosity

There are 3,986 potential members of the class and therefore the class is "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23 (a)(1); *Gay v. Waiters' and Dairy Lunchmen's Union*, 549 F2d. 1330, 1332 n.3 (9th Cir. 1977). "When the class is large, numbers alone are dispositive . . . ." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill 1986).

///

///

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

### *2. Commonality*

Rule 23(a)(2) requires that there be a common question of law or fact. A common nucleus of operative facts is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Where the defendant has engaged in standardized conduct toward members of the proposed class by leaving pre-recorded messages of identical content the commonality requirement is met. *See, e.g., del Campo v. American Corrective Counseling Services, Inc.*, 254 F.R.D. 585 (N.D. Cal 2008)(commonality requirement satisfied where all consumers received standardized phone calls); *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. (S.D. Fla. 2009)(commonality requirement satisfied where plaintiff alleged she received automated telephone calls from debt collection agency).

The commonality requirement is met here. The putative class claims stem from the same alleged conduct, *i.e.*, West leaving Class Members pre-recorded messages of identical content. There are questions of law and fact common to the class which questions predominate over any questions affecting only individual class members. Plaintiff alleged that the Telephone Message violated the FDCPA and the Rosenthal Act by failing to meaningfully disclose West's identity or provide notices required by the FDCPA and Rosenthal Act. Plaintiff and the class are therefore united by these common issues.

"All questions of fact and law need not be common to satisfy the rule." *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). Common legal issues with divergent fact

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

patterns is sufficient, as is common facts coupled with divergent legal remedies. *Id*. "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *see also Hassine v. Jeffes*, 846 F.2d 169, 177 (3[d] Cir. 1988).

The commonality requirement of Fed. R. Civ. P. Rule 23 (a)(2) is satisfied "where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *American Finance System, Inc. v. Harlow*, 65 F.R.D. 94, 107 (D.Md. 1974) *citing Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964). FDCPA claims based on standard practices are well suited for class certification. *Keele, supra*, at 594.

### 3. *Typicality*

"[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon, supra*, at 1020. The typicality requirement tends to merge with the commonality requirement, as both "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirements may be satisfied even if there are factual distinctions between the claims of the named plaintiff and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.3d 225, 232 (7th Cir. 1983)(citations omitted); *see also Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Kornberg, supra*, at 1337; *Rosario v. Livaditis*, 963 F. 2d 1013, 1018 (7th Cir. 1992); *Keele, supra*, at 595.

In this case, typicality is inherent in the class definition, *i.e.*, each of the class members potentially received the same telephone message as Plaintiff and each putative class member was subjected to the same alleged violations of the FDCPA and Rosenthal Act. Thus, the typicality requirement of Rule 23 (a)(3) is satisfied.

### 4. *Adequacy of Representation*

Rule 23(a)(4) requires that the named plaintiff provide fair and adequate protection for the interests of the class. *Epstein v. MCA, Inc.*, 179 F.3d 641, 648 (9th Cir. 1999). That protection involves two factors: (1) whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiff has interests antagonistic to those of the class. *Lerwill v. Inflight Motion Picture, Inc.*, 582 F. 2d 507, 512 (9th Cir. 1978); *see also Wetzel v. Liberty Mutual Ins. Co.*, 508

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

F. 2d 239, 247 (3d Cir. 1975); *Hassine, supra*, at 179; *In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992).

Virginia Corsick understands her responsibilities as class representative (see *Declaration of Virginia Corsick* filed herewith; hereinafter "Corsick Decl."). Furthermore, Plaintiff's counsel, O. Randolph Bragg, Esq., Horwitz, Horwitz & Associates, and Ronald Wilcox, Esq. are experienced in consumer litigation, including extensive experience in pursuing class action suits. Mr. Bragg and Mr. Wilcox have served together as class counsel in the following cases: *Carrizosa v. Stassinos*, 669 F.Supp.2d 1081 (N.D. Cal., 2009); *del Campo v. American Corrective Counseling Services*, 254 F.R.D. 585 (N.D. Cal., 2008); *Hunt v. Check Recovery Systems, Inc.*, 241 F.R.D. 505 (N.D. Cal., 2007); *Schwarm v.Craighead*, 233 F.R.D. 655 (E.D. Cal., 2006); *Wyatt v. Creditcare, Inc.*, 2005 WL 2780684 (N.D. Cal., 2005); and *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal., 2005). They have also served as class counsel separately in numerous other cases.

As to the second relevant consideration under Rule 23(a)(4), the interests of the named Plaintiff are coincident with the interests of the class. Given the identical nature of the claims between Plaintiff and the class members, there is no potential for conflicting interests in this action. Further, there is no antagonism between the interests of the named Plaintiff and those of the class. Moreover, Plaintiff has prosecuted, and will continue to prosecute, the action vigorously. Thus, Plaintiff has satisfied the adequacy of representation requirement of Rule 23(a)(4).

8
Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

## B.  Fed. R. Civ. P. 23(B) Requirements Are Satisfied

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997).   Rule 23 (b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Hanlon, supra*, at 1019.   This criterion is normally satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy.  *See Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547 (N.D. Cal. 2005).   In this case, the "common nucleus of operative fact" is that all class members, by definition, were potentially subjected to a telephone message of identical content from Defendant which is alleged to have violated the FDCPA and Rosenthal Act.   The legal issues arising from Defendant's telephone message are the same for each class member.

Because of the standardized nature of Defendant's conduct, common questions predominate.   In this case, the factual issues and questions of law applicable to the class predominate over any individual questions.   In this case, this necessary link exists in that all class members, by definition, were subjected to the same alleged violations as the named Plaintiff, and the FDCPA provides a remedy tailored specifically for class claims. *See* 15 U.S.C. § 1692k(a)(2)(B).

///

///

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

## C. The Proposed Settlement Is Fundamentally Fair, Reasonable, And Adequate

"Unlike the settlement of most private civil actions, class actions may be settled only with the approval of the district court." *Officers for Justice v. Civil Service Com'n of City and County of San Francisco,* 688 F.2d 615, 623 (9th Cir. 1982). The court may approve a settlement that would bind class members "only after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court's fairness determination involves a balancing of several factors, which may include some or all of the following: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Officers for Justice, supra,* at 625; *see also Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Molski v. Gleich,* 318 F.3d 937, 953 (9th Cir. 2003). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice, supra,* at 625.

While it is too early to address the last factor, *i.e.*, the class members' reaction to the proposed settlement, application of the other relevant factors confirms that the proposed settlement should be preliminarily approved.

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

### 1. The Strength Of The Lawsuit And The Risk, Expense, Complexity, And Likely Duration Of Further Litigation

West has raised defenses to the class claims, which West avers would ultimately defeat the claims of the putative class. Additionally the class is over-inclusive in that it includes individuals who potentially received the telephone message at issue but for whom receipt of the message cannot be confirmed. Litigation in this matter will continue unless a settlement can be reached. Settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the Lawsuit, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

### 2. The Amount Offered In Settlement

#### A. Relief to the Class

The proposed settlement provides that each class member who does not timely exclude himself or herself from the class shall be entitled to a settlement check in the amount of a pro-rata share of the class settlement fund. Based on the total aggregate amount of the class settlement fund of One Hundred Twenty-Two Thousand Six Hundred Forty-Seven Dollars ($122,647) and the total class of 3,986 potential members, each pro-rata share is anticipated to be not less than $30.77.

If West was liable on a class basis, West's maximum liability per 15 U.S.C. § 1692k could be approximately $143,000, representing 1% of its $14.3 million net worth.

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

While disputed as a matter of law by West, Plaintiff avers West's maximum liability could be approximately $286,000, representing 1% of its $14.3 million net worth per 15 U.S.C. § 1692k plus 1% of its $14.3 million net worth per Cal. Civil Code § 1788.17. Considering the uncertainties of trial, the difficulty in ultimately proving liability against West, and that West's liability under the FDCPA (the law that primarily regulates West's business) is at best for the Plaintiffs capped at approximately $143,000 per 15 U.S.C. § 1692k, or $286,000 under the disputed interpretation that recovery is permitted under both 15 U.S.C. § 1692k and Cal. Civil Code § 1788.17, the proposed settlement is clearly fair, reasonable, and adequate.

### B. Recovery and Incentive Award to Class Representative

The proposed settlement provides that West shall pay Plaintiff $2,000 in statutory damages pursuant to the FDCPA and Rosenthal Act plus $1,000 as an incentive award for a total of $3,000. The FDCPA provides for statutory damages of up to $1,000 to an individual plaintiff. 15 U.S.C. § 1692k(a). The Rosenthal Act provides for statutory damages of up to $1,000 for a willful and knowing violation of the statute. Cal. Civ. Code § 1788.30. Named plaintiffs are also "eligible for reasonable incentive payments" and "[t]he district court must evaluate their awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... [and] the amount of time and effort the plaintiff expended in pursuing the litigation ....'" *Staton v. Boeing Co*., 327

F.3d 938, 977 (9th Cir. 2003) (*citing Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

The $1,000 incentive award to Plaintiff is fair and just. Many district courts have approved incentive awards in FDCPA class action lawsuits. *See, e.g.*, *Gross v. Washington Mut. Bank, F.A.*, No. 02 cv 4135 (RML), 2006 U.S. Dist. LEXIS 16975, *18-*19 (E.D.N.Y. Feb. 9, 2006) (approving payment of $5,000 for the class representative's services in FDCPA class action); *Purdie v. Ace Cash Express, Inc.*, No. 3:01-CV-1754L, 2003 U.S. Dist LEXIS 22547, *24-25 (N.D. Tex. Dec. 11, 2003) (in a case involving FDCPA claims the court approved combined incentive payments of $16,665 to the three named plaintiffs); *Bonett v. Educ. Debt Servs.*, No. 01-6528, 2003 U.S. Dist. LEXIS 9757, *23 (E.D. Pa., May 11, 2003) (compensating plaintiff $3,000 for her service as class representative in FDCPA action where 284 class members each received $77.46); *Henderson v. Eaton,* No. 01-0138, 2002 U.S. Dist. LEXIS 20840, *17-*18 (E.D. La, Oct. 25. 2002) (awarding $3,000 incentive compensation to named plaintiff in FDCPA class action where 142 members shared class recovery of $3,000). An incentive award which is substantially more than each individual class member can expect to recoup is authorized by the FDCPA. *Bonett*, 2003 U.S. Dist. LEXIS 9757, *23 n.5 (*citing Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 472 (E.D. Pa. 2000)).

Recognizing her responsibilities as the class representative, Plaintiff has taken significant actions to protect the interests of the class. *See* Corsick Decl. She selected counsel qualified and experienced in unfair debt and other consumer litigation, including

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

class action lawsuits. *See* Corsick Decl. In this regard, Plaintiff elected to file the lawsuit as a class action in order to represent the interests of the putative class members. *See* Corsick Decl. Based on her involvement and participation in this case, the Court is requested to approve an incentive award for Plaintiff in the amount of $1,000.

### C. Cy Pres Award

The proposed settlement provides that funds from any returned or un-cashed settlement checks shall be paid to Santa Clara Law School Legal Clinic as a *cy pres* award for use in consumer representation and education.

### D. Attorney's Fees, Costs and Expenses

Plaintiff and the Class will not incur any attorney's fees, costs or expenses. Pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.30(c), Class Counsel will receive $20,750 for attorneys' fees, costs, and expenses to be paid by West, subject to court approval. Class Counsel will not request additional fees, costs, or expenses from West or the class members and West will not oppose or cause to be opposed any application for the total attorneys' fees, costs, and expenses in an amount not to exceed $20,750. Class Counsel will file a petition prior to the final approval hearing in support of the application for attorneys' fees, costs, and expenses.

### 3. The Experience And Views Of Class Counsel

The settlement was negotiated at arms length by experienced and capable Class Counsel, who now recommend its approval. As proven by the affidavit of Class Counsel filed herewith, Class Counsel are experienced consumer class action lawyers. Given that

14

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

experience and expertise, Class Counsel are well qualified to assess the prospects of their case and to negotiate a favorable resolution for the class. Counsel for plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

### 4. The Stage Of The Proceedings And The Amount Of Discovery Completed

Class Counsel have conducted informal discovery and investigated key factual issues in this case. Given the investigation completed to date, the Parties have exchanged sufficient information to make an informed decision about settlement. *See Linney*, *supra*, at 1239.

### D. Class Action Is Superior To Other Available Methods Of Resolving The Controversy

A court will balance in terms of fairness and efficiency, the merits of a class action against alternative methods of adjudication to determine if a class action is superior. *Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 632 (3d Cir. 1996). The Court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Ballard v. Equifax Check Services, Inc.* 186 F.R.D. 589, 600 (E.D. Cal. 1999). It is proper for a court in deciding the "best" available method, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

large numbers of class members would possess the initiative to litigate individually."

*Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case, there is no better method available for the adjudication of the claims which might otherwise be brought by each individual debtor who was subjected to Defendant's practice. *See Zinberg v. Washington BaWestrp., Inc.*, 138 F.R.D. 397, 410-411 (D.N.J. 1990); *see also Clark, supra*. The efficiency of consumer class actions is recognized particularly where the individual's claim is small.

> In this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages . . . . Thus, many claims could not be successfully asserted individually. Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs. In most cases, litigation costs would dwarf potential recovery. In this sense, the proposed class action is paradigmatic. A fair examination of alternatives can only result in the apodictic conclusion that a class action is the clearly preferred procedure in this case.

*Hanlon, supra*, at 1023. Moreover, "the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually." *Ballard, supra*, at 600. Class certification of an FDCPA damage action will provide an efficient and appropriate resolution of the controversy. *See Irwin, supra; Ballard, supra*.

Given the number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the settlement class members in this case, within the meaning of Rule 23(b)(3). To the extent that any Class member wishes to pursue any such individual

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

claim, he or she is free to opt out of the settlement under Rule 23 (b)(3). Thus, the certification of this action is the superior method to resolve the controversy presented here.

## V. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court enter an order in the form lodged herewith, which (i) certifies a class for settlement purposes; (ii) grants preliminary approval of the Class Action Settlement Agreement; (iii) appoints O. Randolph Bragg, Esq., Horwitz, Horwitz & Associates, and Ronald Wilcox, Esq., as class counsel; (iv) approves the proposed form of Notice (contained in Exhibit C to the Agreement) and method of providing Notice to the class; (v) sets the date by which class members must request exclusion or make objection to the proposed settlement; and (vi) schedules a hearing for final approval (the "Fairness Hearing") under Fed. R. Civ. P. 23(e)(3).

The parties request 20 days from the date of the Court's entry of the Order of Preliminary Approval of Class Action Settlement to cause notice to be mailed to the class. The parties also request that the class members be allowed 50 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement to exclude themselves ("opt-out") from the settlement or object thereto. Lastly, the parties request a

///

///

///

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF

date for a hearing on the fairness of the settlement at least 40 days following the class members' deadline to opt-out or object, so that the class members' submissions can be processed.

Respectfully submitted,

Horwitz, Horwitz & Associates

Dated: 6/22/10          _/s/O. Randolph Bragg_____
                        O. Randolph Bragg
                        Counsel for Plaintiff
                        Virginia Corsick

Dated: 6/22/10          _/s/ Ronald Wilcox_____
                        Ronald Wilcox
                        Counsel for Plaintiff
                        Virginia Corsick

                        Sessions, Fishman, Nathan & Israel, L.L.P.

Dated: 6/22/10          _/s/Debbie P. Kirkpatrick_____
                        Debbie P. Kirkpatrick
                        Counsel for Defendant
                        West Asset Management, Inc.

Joint Motion for Certification of a Settlement Class and
Preliminary Approval of Class Action Settlement Agreement and Notice to the Class

Case No. 09-CV-03053 JF