UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | | |
|---|---|---|
| VIRGINIA CORSICK, | ) | Case No. 09-CV-03053 JF |
| | ) | |
| Plaintiff, | ) | ORDER OF PRELIMINARY |
| | ) | APPROVAL OF CLASS ACTION |
| vs. | ) | SETTLEMENT |
| | ) | |
| WEST ASSET MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 7, 2009, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against West Asset Management, Inc. ("West"), asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Act ("Rosenthal Act"), Cal. Civil Code § 1788, *et seq.* Plaintiff alleged specifically that West telephoned Plaintiff and Class Members and left a certain voice mail message that failed to meaningfully disclose West's identity or provide notices required by the FDCPA and the Rosenthal Act. The content of the message at issue (hereinafter "Telephone Message") is as follows: "This is not a sales call. When you receive this message please call West Asset Management at 866-882-5878 or you may

press one on your telephone to be transferred to an agent. West Asset Management thanks you for your prompt reply; once again that number is 866-882-5878." West denied any and all liability asserted in the Lawsuit.

In an attempt to settle the Lawsuit, the Parties participated in extensive settlement discussions. A mediation was scheduled for March 9, 2010 before court-appointed mediator Carol L. Woodward. As the result of settlement negotiations between the parties, a settlement was reached on March 3, 2010. The parties subsequently entered into a written Class Action Settlement Agreement ("Agreement") and on _____, 2010 filed a Joint Motion for Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class. The Agreement is subject to review under Fed. R. Civ. P. 23. The Parties now request preliminary approval of the proposed class action settlement.

On _____, 2010, pursuant to 28 U.S.C. § 1715(c), West served upon the Office of the Attorney General of the State of California and the Office of the Attorney General of the United States notice of the proposed settlement.

The Court has read and considered the Agreement, along with the accompanying exhibits. All capitalized terms used herein have the meanings defined in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Fed. R. Civ. P. 23, the lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of all natural persons residing in California who meet the following criteria: (a) he/she received the Telephone Message from West; (b) in an attempt to collect a debt incurred to Good Samaritan Hospital for

medical services; (c) during the time period July 7, 2008 to the date of entry of this Order. West represents that there 3,986 potential Class Members.

2. Plaintiff Virginia Corsick is certified as the Class Representative, and O. Randolph Bragg, Esq., Horwitz, Horwitz & Associates, and Ronald Wilcox, Esq. are appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel").

3. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily finds:

    A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C. The claims of the Plaintiff are typical of the claims of the Class Members;

    D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

4. The Court preliminarily finds the proposed settlement to be fundamentally fair, reasonable, and adequate. The benefits provided to the Class Members are reasonable, considering that the claims are disputed factually and legally, that the outcome of the Lawsuit remains uncertain, and that, through the proposed settlement, the Parties can avoid the risk and expense attendant to further litigation.

5. The Court approves the form and substance of the notice of class action settlement to the Class, as set forth in the Agreement and attached to the Agreement as Exhibit C.

The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise class members of their rights and to protect the rights of absent class members.

6. Defendant, at its own expense, shall send the notice of class action settlement by first class mail to the members of the Class not later than twenty (20) days of the entry of this Order.

7. Any Class Member who desires to be excluded from the class must mail a written request for exclusion to the West Claims Administrator at First Class, Inc. / Corsick, 5410 W Roosevelt Rd, Unit 222, Chicago, IL 60644-1478, with a postmark within 50 days from the Court's entry of this order.

8. To be effective, the written request for exclusion must be signed by the Class Member and must set forth his or her full name, address, and telephone number, along with a statement that he or she wishes to be excluded.

9. Any Class Member who files a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

10. Any Class Member who intends to object to the fairness of the settlement must file a written objection with the Court, at United States District Court, Northern District of California, Office of the Clerk, 280 South First Street, San Jose, CA 95113, within 50 days from the Court's entry of this order. Further, any such Class Member must, within

the same time period, provide a copy of the written objection to Class Counsel: O. Randolph Bragg, Esq., Horwitz, Horwitz & Associates, 25 East Washington Street, Suite 900, Chicago, IL 60602-1716 and Ronald Wilcox, Esq., 2160 The Alameda, First Floor, Suite F, San Jose, CA 95126 and counsel for West: David Israel, Esq., Sessions, Fishman, Nathan & Israel, LLC, Lakeway Two, Suite 200, 3850 N. Causeway Blvd., Metairie, LA 70002-7227.

11. To be considered, the written objection must be signed by the Class Member and must set forth his or her full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

12. The Court will conduct a Fairness Hearing on \_\_\_11/19\_\_\_, 2010, at United States District Court, Northern District of California, 280 South First Street, Courtroom 3, 5th Floor, San Jose, CA 95113, commencing at \_\_9\_:\_00\_ a.m./~~p.m.~~, to review the following issues:

    A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

    B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

    C. Whether the Final Order and Judgment, as provided under the Agreement,

should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

      D.    To discuss and review other issues as the Court deems appropriate.

13. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing.

14. Within 30 days after the Fairness Hearing, the Court shall enter a Final Order and Judgment as it deems appropriate regarding all issues.

15. Within 30 days after entry of the Final Order and Judgment, and upon consideration of any negotiated attorney fee agreement or any Application for Attorney's Fees, Costs, and Expenses and any opposition memoranda thereto, the Court shall enter an order as it deems appropriate regarding Class Counsel's attorney's fees, costs, and expenses.

16. The Agreement and this order shall be null and void if any of the following occur:

      A.    The Agreement is terminated properly by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

      B.    The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

C. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

17. If the Agreement and this order are voided per ¶ 15 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as of March 2, 2010, as if the Agreement had never been executed and this order never entered.

18. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

<u>ORDER</u>

IT IS SO ORDERED.

DATED: 7/30/10

THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE