UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | | |
|---|---|---|
| VIRGINIA CORSICK, | ) | Case No.  09-CV-03053 JF |
| | ) | |
| Plaintiff, | ) | |
| | ) | [PROPOSED] |
| vs. | ) | **FINAL ORDER AND JUDGMENT** |
| | ) | |
| WEST ASSET MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

On July 7, 2009, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against West Asset Management, Inc. ("West"), asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Act ("Rosenthal Act"), Cal. Civil Code § 1788, *et seq.*  Plaintiff alleged specifically that West telephoned Plaintiff and Class Members and left a certain voice mail message that failed to meaningfully disclose West's identity or provide notices required by the FDCPA and the Rosenthal Act.  The content of the message at issue (hereinafter "Telephone Message") is as follows: "This is not a sales call.  When you receive this message please call West Asset Management at 866-882-5878 or you may press one on your telephone to be transferred to an agent. West Asset Management thanks you for your prompt reply; once again that number is 866-882-5878."  West denied any and all liability asserted in the Lawsuit.

In an attempt to settle the Lawsuit, the Parties participated in extensive settlement discussions.  A mediation was scheduled for March 9, 2010 before court-appointed mediator Carol L. Woodward.  As the result of settlement negotiations between the parties, a settlement was reached on March 3, 2010.  The parties subsequently entered into a written Class Action Settlement Agreement ("Agreement") and on June 23, 2010 filed a Joint Motion for Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class.  The Agreement is subject to review under Fed. R. Civ. P. 23.

On August 3, 2010, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs; (ii) appointed Plaintiff Virginia Corsick as the Class Representative; and, (iii) appointed O. Randolph Bragg, Esq. and Ronald Wilcox, Esq. as Class Counsel.

On November 19, 2010, after the required class action notices were mailed, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfied the applicable prerequisites for class action treatment and whether the proposed settlement was fundamentally fair, reasonable, adequate, and in the best interest of the settling class members and should be approved by the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto, including all Class Members.

2. Pursuant to Fed. R. Civ. P. 23, the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of all natural persons residing in California who meet the following criteria: (a) he/she received the Telephone Message from West; (b) in an attempt to collect a debt incurred to Good Samaritan Hospital for medical services; (c) during the time period July 7, 2008 to August 3, 2010.

3. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Virginia Corsick as the Class Representative and O. Randolph Bragg, Esq. and Ronald Wilcox, Esq. as Class Counsel.

4. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5. The settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the risk of collecting any judgment obtained on behalf of the class.

6. The notification provided for and given to the Class Members was in compliance with the Preliminary Approval Order, meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances. The Court finds that the notice clearly advised the class members of their rights and protected the rights of absent class members.

7. The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, and the proposed settlement are approved and shall be consummated

in accordance with the terms and provisions thereof.  The material terms of the Agreement include, but are not limited to, the following:

  A. West must pay Ms. Corsick $2,000 in statutory damages pursuant to the FDCPA and Rosenthal Act plus $1,000 as an incentive award for a total of $3,000;

  B. West must pay to each Class Member who did not exclude himself or herself from the Class a pro-rata share of the $122,647 settlement fund;

  C. West must pay as a *cy pres* award to Santa Clara Law School Legal Clinic for use in consumer representation and education funds from any settlement checks that are returned or remain uncashed within 120 days of this order.

  D. West must pay Class Counsel $20,750 for their attorneys' fees, costs, and expenses incurred in this action.

8. The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment.  The release is contingent upon West's performance of its obligations as set forth in the Agreement.

9. The Class Members were given an opportunity to object to the settlement or request exclusion from the settlement.  No Class Members objected to the settlement. Three Class Members requested exclusion from the settlement.

10. This Final Order and Judgment is binding on all Class Members who did not exclude themselves from the settlement.

11. The Lawsuit is hereby dismissed with prejudice in all respects.

12. This Final Order and Judgment is not, and shall not be construed as, an admission by West of any liability or wrongdoing in this or in any other proceeding.

13. The Court hereby restrains and enjoins all persons who have appeared in these proceedings and any other person from taking any actions interfering or inconsistent with this Final Order and Judgment and the Agreement that the Court hereby approves.

14. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, Agreement, class membership, and Final Order and Judgment.

<u>ORDER</u>

IT IS SO ORDERED.

DATED: November 19, 2010

_____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE